IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **MARGARETTE DUVERGER,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>*v.*<br><br>**CLINICA LAS MERCEDES, LLC,** a Delaware company,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

Plaintiff Margarette Duverger ("Plaintiff Duverger" or "Duverger") brings this Class Action Complaint and Demand for Jury Trial against Defendant Clinica Las Mercedes, LLC d/b/a Las Mercedes Medical Centers ("Defendant" or "Las Mercedes Medical Centers") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by placing calls to phone numbers that are registered on the National Do Not Call registry ("DNC"). Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Duverger, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**PARTIES**

1. Plaintiff Duverger is a resident of Miramar, Florida.

2. Defendant Clinica Las Mercedes, LLC is a Delaware company headquartered in Hialeah, Florida. Defendant conducts business throughout this District.

## JURISDICTION AND VENUE

3. This Court has Federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant because the Defendant has its headquarters in this District and makes calls from this District.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendant has its headquarters in this District, and the wrongful conduct giving rise to this case was directed by Defendant from this District and into this District where the Plaintiff resides.

## INTRODUCTION

6. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10. According to online robocall tracking service "YouMail," 3.8 billion robocalls were placed in September 2026 alone, at a rate of 128 million per day. www.robocallindex.com (last visited October 7, 2026).

11. The FCC also has received an increasing number of complaints about unwanted calls. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complaints about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

**COMMON ALLEGATIONS**

14. Clinica Las Mercedes, LLC operates using the d/b/a Las Mercedes Medical Centers:

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf



## Provider Information for 1467930941

The following NPI(s) contain information matching your search criteria. Please select the NPI to view al

Home / NPI View

**Please Note: Issuance of an NPI does not ensure or validate that the Health Care Provider is Licensed or Cred**

CLINICA LAS MERCEDES, LLC
Other Names:
Doing Business As: LAS MERCEDES MEDICAL CENTERS
Organization Subpart: NO

NPI: 1467930941
Last Updated: 2025-02-26
Certification Date: 2025-02-26 [3]

15. Defendant Las Mercedes Medical Centers provides healthcare services through medical centers that are located throughout Miami-Dade and Broward County.[4]

16. Las Mercedes Medical Centers generates revenues from its patients through its pharmacy services, physician visits, dental care, adult day care, and more.[5]

17. Las Mercedes Medical Centers hosts open house events to solicit new patients:

---

[3] https://npiregistry.cms.hhs.gov/provider-view/1467930941
[4] https://www.linkedin.com/company/lasmercedescorp/about/
[5] https://en.mercedesmedicalcenters.com/



[6]

18. Defendant Las Mercedes Medical Centers places calls to consumers to solicit business, including invitations to visit its open house events, as per Plaintiff's experience.

19. Defendant Las Mercedes Medical Centers even posts a full-time job posting on its website seeking a "Call Center – Public Relations Specialist" to "manage inbound and outbound calls from interns and external referrals."[7]

20. On information and belief, the unsolicited calls received by Plaintiff were part of a broader telephone solicitation outreach campaign not an isolated incident.

---

[6] https://www.facebook.com/profile/100064606124943/search/?q=open%20house
[7] https://en.mercedesmedicalcenters.com/job/relaciones-publicas-especialista

21. Consumers have flagged the same outbound phone number (305) 423-4044 that called the Plaintiff in this case on the call blocking service robokiller.com indicating others are also receiving these unwanted calls.[8]

22. The same telephone number has been identified by another call blocking service Nomorobo.com as a source of robocalls, indicating that these calls are not being made in isolation.[9]

23. Defendant Las Mercedes Medical Centers is placing unsolicited calls to phone numbers that are registered on the DNC, as per Plaintiff's experience.

24. It is clear that the calls are part of a mass outbound marketing campaign since each voicemail described itself as a "courtesy call to all Medicare beneficiaries" and invited the recipient to a group open house or event.

25. In response to these calls, Plaintiff Duverger brings this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, and an award of statutory damages to the members of the Class and costs.

**PLAINTIFF DUVERGER'S ALLEGATIONS**

26. Plaintiff Duverger is the sole owner and user of her cell phone number ending in 9074.

27. Plaintiff Duverger registered her cell phone number on the DNC on October 10, 2006.

28. Plaintiff Duverger uses her cell phone number for personal use only as one would use a landline telephone number in a home, including to communicate with family and friends.

---

[8] https://lookup.robokiller.com/p/305-423-4044
[9] https://www.nomorobo.com/lookup/13054234044

29. Plaintiff Duverger has never advertised her cell phone number online or used it for business purposes.

30. Plaintiff Duverger pays for this cell phone number personally. It is not reimbursed by a business.

31. Plaintiff Duverger does not own or operate any business, does not maintain any commercial location, and has never used the cell phone number ending in 9074 in connection with any business or commercial activity.

32. The calls that Plaintiff Duverger received from Las Mercedes Medical Centers were received more than thirty one days after the Plaintiff registered her cell phone number on the DNC.

33. On August 20, 2026 at 4:20 PM, Plaintiff Duverger received an unsolicited call to her cell phone from 305-423-4044.

34. This call was not answered, but a voicemail was left stating:

> "Good afternoon, Ms. Margarette. How are you today? How is your health? Well, this is a courtesy call to all Medicare beneficiaries. My name is Elsie calling from Las Mercedes Medical Center inviting you to visit and learn about our benefits without any commitment, no obligation, inviting you for this Saturday, August 22nd. We will have an open house at the Hialeah Center from 9:00 a.m. till 1 p.m. At the same time we have more than 16 specialists, excellent benefits Vision dental, we have physical and rehabilitation therapy, diagnostic centers. A pharmacy to your home, adult daycare, free transportation, social services, and we are the premier center that has a treatment for the neuropathy. Call us when you can. Call us if you need transportation. Thank you, Ms. Margaret. Have a good afternoon. Thank you."

35. 305-423-4044 is the main number for Las Mercedes Medical Centers:



[10]

---

[10] https://en.mercedesmedicalcenters.com/

36. On August 27, 2026 at 2:32 PM, Plaintiff Duverger received a 2nd unsolicited call to her cell phone from 305-423-4044.

37. This call was not answered, but a voicemail was left stating:

> "Good afternoon, Ms. Margarette. How are you today? How is your health? Well, this is a courtesy call to all Medicare beneficiaries. My name is Elsie calling from Las Mercedes Medical Center, inviting you, for tomorrow, Friday, August 28th, we will have an event or activity between 10 and 12 p.m. We're going to have music, raffle, food, and, also we're going to have a gift card. But the more important thing is that we have more than 17 specialists, 20 centers day in (unclear), physical and rehabilitation center, diagnostic study, adult day care, free transportation, social services, pharmacy to your home. And also we are the premier center that has a treatment for the neuropathy. Thank you. Call us if you need transportation, Ms. Margarette. God bless."

38. On September 9, 2026 at 2:42 PM, Plaintiff Duverger received a 3rd unsolicited call to her cell phone from 305-423-4044.

39. This call was not answered, but a voicemail was left stating:

> "Good afternoon, Ms. Margarette…"

40. On September 29, 2026 at 9:00 AM, Plaintiff Duverger received a 4th unsolicited call to her cell phone from 305-423-4044.

41. This call was not answered and no voicemail was left.

42. The purpose of the calls, as stated in the voicemails, was to advertise the services and facilities of Las Mercedes Medical Centers, and to solicit Plaintiff Duverger as a new patient.

43. Plaintiff Duverger has never done business with Las Mercedes Medical Centers.

44. Plaintiff Duverger has never provided her cell phone number to Las Mercedes Medical Centers or any of its employees.

45. Plaintiff Duverger has never provided consent to Defendant Las Mercedes Medical Centers to receive solicitation calls.

46. Plaintiff's attorneys had an employee send a demand for consent by email with a request for the calls to stop to Defendant Las Mercedes Medical Centers on August 27, 2026.

47. As of October 7, 2026, there has been no response from Las Mercedes Medical Centers.

48. Defendant's violations were willful and knowing. Defendant placed at least four solicitation calls to Plaintiff's number, after the number had been registered on the DNC for more than thirty one days.

49. The unauthorized telephone calls that Plaintiff received from the Defendant have harmed Plaintiff Duverger in the form of annoyance, nuisance, and invasion of privacy, occupied her phone memory, and disturbed the use and enjoyment of her phone.

50. Plaintiff Duverger listened to the voicemails that she received from Las Mercedes Medical Centers.

51. Seeking redress for these injuries, Plaintiff Duverger, on behalf of herself and a Class of similarly situated individuals, brings suit under the TCPA.

**CLASS ALLEGATIONS**

52. Plaintiff Duverger brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> All persons throughout the United States (1) who did not provide their telephone number to Defendant, (2) to whom Defendant placed more than one telephone solicitation call within any 12-month period promoting Defendant's goods or services, (3) where the person's telephone number had been registered with the National Do Not Call Registry for at least 31 days before the first such call, (4) within four years preceding the filing of this Complaint through the date of class certification.

53. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents,

successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Duverger anticipates the need to amend the Class definition following appropriate discovery.

54. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

55. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant Las Mercedes Medical Centers placed multiple calls within a 12-month period to Plaintiff and other consumers whose telephone numbers were registered with the DNC for at least thirty one days before each call;

(b) whether the calls constitute a violation of the TCPA;

(c) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

56. **Adequate Representation**: Plaintiff Duverger will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Duverger has no interests antagonistic to those of the Class, and the Defendant

has no defenses unique to Plaintiff. Plaintiff Duverger and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff Duverger nor her counsel have any interest adverse to the Class.

57. **Appropriateness**: this class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff Duverger. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CLAIM FOR RELIEF
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Duverger and the Class)**

58. Plaintiff repeats and realleges paragraphs 1-57 of this Complaint and incorporates them by reference herein.

59. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

60. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

61. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Duverger and the Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

62. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Duverger and the Class received more than one call in a 12-month period made by the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

63. As a result of Defendant's conduct as alleged herein, Plaintiff Duverger and the Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

64. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Class.

**PRAYER FOR RELIEF**

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing her attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all calling activity that is done without proper consent, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Duverger requests a jury trial.

**MARGARETTE DUVERGER**, individually and on behalf of all others similarly situated,

DATED this 19th day of November, 2026.

By: /s/ *Stefan Coleman*

Stefan Coleman (Fla. Bar No. 30188)
COLEMAN PLLC
101 NE 3rd Avenue
Suite 1554
Fort Lauderdale, FL 33301
(877) 333-9427
law@stefancoleman.com

Avi R. Kaufman (Fla. Bar No. 84382)
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Classes*